LAW OFFICES OF
# FREDERICK K. BREWINGTON

*ATTORNEYS AND COUNSELORS AT LAW*
50 CLINTON STREET, SUITE 501
HEMPSTEAD, N.Y. 11550-4282

TELEPHONE: (516) 489-6959
FACSIMILE: (516) 489-6958

FREDERICK K. BREWINGTON

IRA FOGELGAREN

GREGORY CALLISTE, JR.
VALERIE M. CARTRIGHT
MILI MAKHIJANI
G. WILLIAM GERMANO, JR.
MARJORIE MESIDOR

December 21, 2009

***VIA ELECTRONIC CASE FILING***
Magistrate Judge William D. Wall
United States District Court
Eastern District of New York
100 Federal Plaza
P.O. Box 9014
Central Islip, New York 11722

      Re:    Foss v. Coca Cola Enterprises, Inc., et. al.
              Docket No.: CV-07-1322 (JS)(WDW)

Dear Judge Wall:

      We represent the Plaintiff, Janice Foss, in the above referenced matter. We regret the necessity to seek the Court's intervention, and request that Your Honor issue an Order compelling the Defendants to provide complete responses to *Plaintiff's Revised First Set of Interrogatories and Request for Production of Documents*, dated July 14, 2009. Plaintiff previously made attempts to resolve this discovery dispute prior to filing the instant letter motion. It is believed that Defendants are engaging in stall tactics to avoid providing relevant, non-privileged discovery in this matter.

      By way of background, Plaintiff was employed by Coca-Cola Enterprises ("CCE") from 1998 through May, 2005, when Plaintiff was unlawfully terminated from her position. Plaintiff began her employment as a Cold Drink Channel Manager and in March, 2002, was promoted to the position of Area Cold Drinks Sales Manager (hereinafter "ACDSM"), a Grade Level 102 position. Upon information and belief, there were approximately 45 Grade Level 102 employees of which only four (4) were believed to be of African American decent. At issue between the Parties at this juncture is Defendants' refusal to produce discovery with respect to the other Grade Level 102 employees employed with CCE during the time period 1998-2008. Moreover, Plaintiff alleges in her complaint that she was not afforded the same opportunities as other similarly situated employees with respect to certain programs or plans offered by CCE, specifically, Performance Improvement Plan ("PIP") and Management Acceleration Program ("MAP").

      On July 14, 2009, Plaintiff served interrogatories and document requests on Defendants'

counsel. See Exhibit "A". On September 14, 2009, Plaintiff received Defendant CCE's and Defendant Tallman's responses to Plaintiff's requests. Several of the responses were either non-responsive or severely deficient. Exhibit "B", *Defendant Tallman's Responses to First Set of Interrogatories and Demand for Production of Documents*; and Exhibit "C", *Defendant CCE's Responses to First Set of Interrogatories and Demand for Production of Documents*, dated September 11, 2009. On October 20, 2009, Plaintiff advised Defendants' counsel of the deficiencies and outlined each insufficient response. Exhibit "D". The specific interrogatories and document demands that are the subject of the instant motion are Interrogatories No. 7, 17, 18, 19, 21 and 22 and Document Demands 7, 8, 9, 13 and 14. The foregoing interrogatories and document demands focus on Plaintiff's request for the identification of all ACDSM employees during the years 2002-2008; all employees placed on PIP from 1998-2008; all employees placed on MAP from 1998-2005; and any and all policies, procedures, guidelines and/or rules relating to a PIP or MAP that was in effect during those time periods. Defendants refuse to comply with Plaintiff's repeated requests.

By letter dated October 29, 2009, Defendants disagreed that the identified discovery responses were in any way insufficient. Exhibit "E". Plaintiff's counsel responded by letter dated November 25, 2009, forewarning Defendants that it was Plaintiff's final attempt to resolve the discovery dispute prior to seeking Court intervention. Exhibit "F". On December 4, 2009, Defendants' counsel contacted Plaintiff's counsel via electronic mail stating that additional documents were obtained that would hopefully eliminate the need for a motion to compel. Exhibit "G". Defendant's further stated that the "additional documents" would be provided by Monday, December 7, 2009. Not surprisingly, Defendants failed to honor Plaintiff's repeated requests and continued to fail to abide by their own promises. See Exhibits "H", *letter dated December 11, 2009*, "I", *letter dated December 14, 2009*, and "J", *letter dated December 18, 2009.* The instant application immediately followed.

In several of their discovery responses, Defendants try to narrow the scope of discovery by only providing information regarding those employees that were directly under Defendant Tallman's supervision as Defendant Tallman was Plaintiff's direct supervisor. Exhibit "E", letter dated October 29, 2009. Counsel for Defendants were made aware that matters which are "discoverable" and matters which are "admissible" for purposes of trial are two separate and distinct matters pursuant to FRCP 26(b)(1). Exhibit "F", letter dated November 25, 2009. The discovery sought by Plaintiff is not unreasonably duplicative or cumulative, nor can it be obtained by any other source. Moreover, the request is not unduly burdensome or expensive as Plaintiff place a limit in time and scope on the documents requested. Finally, the discovery sought is relevant and not privileged. Duck v. Port Jefferson School Dist., 2008 WL 2079916 (E.D.N.Y. May 14, 2008). The cases referenced by Defendants in their letters address the *admissibility* of evidence at trial and not whether the information is discoverable. "Where a plaintiff, as is the case here, seeks to raise an inference of discrimination by offering proof of disparate treatment of other employees, 'those employees must have a situation sufficiently similar to plaintiff's to support at least a minimal inference that the difference of treatment may be attributable to discrimination.'" McGuinness v. Lincoln Hall, 263 F.3d 49, 54 (2d Cir.2001). In other words, "To be 'similarly situated,' the individuals with whom [plaintiff] attempts to compare herself must be similarly situated in all material respects." Shumway v. United Parcel Serv., Inc., 118 F.3d 60, 64 (2d Cir.1997). "What constitutes 'all material respects' ... must be judged based on (1) whether the plaintiff and those he maintains were similarly situated

were subject to the same workplace standards and (2) whether the conduct for which the employer imposed discipline was of comparable seriousness." Graham v. Long Island R.R., 230 F.3d 34, 40 (2d Cir.2000) (*citing* Norville v. Staten Island Univ. Hosp., 196 F.3d 89, 96 (2d Cir.1999)).

In addition to Defendants' attempts to limit the scope of discovery to those employees that were under Defendant Tallman's direct supervision, Defendants' further narrow the time period requested to the time period Plaintiff was under Defendant Tallman's direct supervision. First, evidence of any employee that Defendant Tallman placed on a PIP is probative of Plaintiff's claims of disparate treatment. Indeed, a review of the type of conduct Defendant Tallman determines is worthy of a PIP as opposed to outright termination is also relevant to Plaintiff's claims. Second, Michael Van Aken, Susan Garrett and Seena Cushman are also alleged to have been involved in Plaintiff's termination. Accordingly, any and all information regarding employees that those individuals placed on PIP is clearly relevant, not privileged and discoverable.

In Plaintiff's letter dated November 25, 2009, Plaintiff identified ten (10) employees that Plaintiff believes were, or are, Grade Level 102 employees. Plaintiff clearly stated that the list was not exhaustive, but rather, only a small number of employees of which Plaintiff has personal knowledge. Defendants took that as an opportunity to further limit their obligations under the federal rules by stating that "we are reviewing the files of the individuals identified in your letter of November 25, 2009 to determine whether any such employees received a performance improvement plan. To the extent they did, copies will be provided upon entry of the Agreed Protective Order." Exhibit "I". Defendants' dilatory tactics are clearly being used to avoid having to provide discovery in this matter.

Plaintiff's deposition is currently scheduled for January 11, 2009, and Defendant Tallman's deposition is to follow on January 15, 2009. Our sincere efforts to conduct discovery are being thwarted by Defendants' actions. It appears as though with each communication by Defendants, they attempt to stall having to provide discovery. Their most recent stall tactic was a blanket protective order that fails to specify what documents are to be deemed "CONFIDENTIAL" by the Parties. We believe that Defendants are not proceeding with discovery in good faith and are attempting to stall until the last hour discovery.

Based on the foregoing, it is respectfully requested that Your Honor issue an Order compelling the Defendants to respond to fully respond *Plaintiffs First Set of Interrogatories and Request for Production of Documents*, as same do not violate FRCP 33 or 34.

Respectfully submitted,

MILI MAKHIJANI

Enclosures
cc:   Bradford Harvey, Esq. (*via fax & ECF*)
      Janice Foss (*via regular mail*)