

## MILLER &MARTIN PLLC
### ATTORNEYS AT LAW

SUITE 1000 VOLUNTEER BUILDING
832 GEORGIA AVENUE
CHATTANOOGA, TENNESSEE 37402-2289
TELEPHONE (423) 756-6600
FAX (423) 785-8480

**Bradford G. Harvey**
Direct Dial  (423) 785-8210
Fax  (423) 785-8293
bharvey@millermartin.com

June 2, 2010

**VIA ELECTRONIC CASE FILING**
Magistrate Judge William D. Wall
United States District Court
Eastern District of New York
100 Federal Plaza
P.O. Box 9014
Central Islip, NY 11722

RE:   Foss v. Coca-Cola Enterprises Inc. and Gene Tallman; CV-07-1322(JS)(WDW)

Dear Judge Wall:

We represent the Defendants in the above-referenced matter.  We respectfully oppose Plaintiff's letter motion dated June 1, 2010 (Court File No. 74), seeking a third extension of the discovery deadline.  Plaintiff is seeking a third 60-day extension despite this Court's previous statement that "no further extensions will be granted absent a showing of manifest injustice." See Order dated March 29, 2010 (Court File No. 73).  In support of her request, Plaintiff cites the delivery of supplemental discovery responses by Defendants, the departure of Mili Makhijani from The Law Offices of Frederick K. Brewington, the office relocation of Mr. Brewington, and the serious illness of attorney Ira Fogelgaren, who appears to be "of counsel" with Mr. Brewington's office.[1]  Defendants' respectfully submit that the stated reasons for Plaintiff's request do not demonstrate "manifest injustice" and therefore do not warrant a third extension of the discovery deadline.

As the Court is well aware, the parties have engaged in extensive discovery and encountered various disputes along the way.  However, the parties resolved all discovery disputes as of February 26, 2010.  As part of that agreement, Plaintiff requested (and Defendants agreed to provide) the personnel files of the direct reports of Defendant Tallman and former Defendants Brian Wynne, Susan Garrett, Seena Cushman, and Michael Van Aken for the years 2002 through 2005.  Based in part on that agreement, on March 26, 2010, Plaintiff filed a request for a second 60-day extension of the discovery deadline in this matter (Court File No. 72), which the Court granted on March 29, 2010 (Court File No. 73).  In this request, counsel for Plaintiff acknowledged that the requested personnel files had not yet been received but were expected to be received "in the near future" and that Plaintiff

---

[1] Defendants certainly sympathize with Mr. Foglegaren and hope for his speedy recovery.  However, his name has not been mentioned in this dispute prior to the pending request, and he has not been involved in any communications or other matters with counsel for Defendants.  It appears that he maintains a separate Manhattan office and has listed areas of practice of Car Accidents, Injury Law, and Medical Malpractice.  (See http://lawyers.justia.com/lawyer/ira-fogelgaren-1136808).  With a listed 29 years of legal experience, Mr. Fogelgaren would seem unlikely to be the "new associate assigned to the case" referenced in Plaintiff's second request. See Court File No. 72.

June 2, 2010
Page 2

would then "immediately schedule and proceed with the Defendants' depositions in this case." See Court File No. 72. On Monday, April 5, 2010, exactly one week after the second extension request, Plaintiff received the requested personnel files via Fed Ex. See April 2, 2010 letter to counsel for Plaintiff (attached hereto as Exhibit A). As stated in Exhibit A, Defendants asked counsel for Plaintiff to proceed with the remaining discovery and to "please contact us in the next few days so that we may schedule the necessary depositions." Since the delivery of these documents on April 5, 2010 (over 8 weeks prior to the pending request), no contact whatsoever has been received from counsel for Plaintiff regarding the scheduling of any remaining depositions in this case.

Interestingly, in seeking Defendants' consent to Plaintiff's second extension request, counsel for Plaintiff acknowledged that an additional 60 days "may be more than usual" but represented that counsel was "taking into account the travel arrangements that must be made for the depositions." See Email from Ms. Makhijani to B. Harvey dated March 10, 2010 (attached hereto as Exhibit B). Ms. Makhijani also indicated that the requested 60 days was a "lengthy request" due in part to her planned departure from the firm. See Email from Ms. Makhijani to B. Harvey dated March 23, 2010 (attached hereto as Exhibit C). Similarly, Plaintiff's second request itself specifically contemplated the departure of Ms. Makhijani from Mr. Brewington's law firm on April 8, 2010. See Court File No. 72.

Accordingly, Plaintiff's reasons for the third request are disingenuous. Plaintiff cannot complain about the alleged voluminous nature of Defendants most recent discovery response as she specifically requested the documents produced. Defendants had maintained that Plaintiff's requests were overly broad but agreed to produce the documents in order to resolve all remaining discovery disputes. Further, the departure of Ms. Makhijani from Mr. Brewington's firm was already taken into account at the time of Plaintiff's second extension request. Finally, the relocation of Mr. Brewington's law firm was anticipated as it appears that construction started on the new space on February 2, 2010. See National Development Counsel internet article dated February 2, 2010 (attached hereto as Exhibit D and available online at http://nationaldevelopmentcouncil.org/blog/?p=985#more-985).

Counsel for Defendants would also note that Plaintiff has cancelled the scheduled deposition of Defendant Tallman on two prior occasions (most recently for February 9, 2010). Regardless, Defendants have diligently continued their discovery, having deposed Plaintiff on January 11, 2010 and one of Plaintiff's healthcare providers on April 1, 2010. Counsel for Defendants would also note that they have conducted discovery with counsel for Plaintiff in a separate matter and that counsel for Plaintiff adequately staffed two days of depositions on May 27 and 28, 2010. The discovery deadline in the other matter is not set to expire until August 13, 2010. Thus, there has been no lack of opportunity for counsel for Plaintiff to schedule depositions, conduct any necessary discovery, or to communicate with counsel for Defendants in this matter.

Counsel for Plaintiff has had sufficient time to conduct discovery within the (twice extended) discovery period established by the Court. For the reasons stated herein, Defendants maintain that Plaintiff has failed to demonstrate "manifest injustice" that would support a further extension and respectfully request that the Court deny Plaintiff's third request for an extension.

Respectfully Submitted,

Bradford G. Harvey
Ian K. Leavy

7207682_1.DOC

June 2, 2010
Page 3

cc:    Fred Brewington (via ECF)
       Philip M. Halpern (via ECF)